**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE DOMAIN SERVICED BY DOMAINS BY PROXY, LLC** | ML No. 19-ml-503 |

*Reference:      DOJ Ref. # CRM-182-67212; Subject Account: bewisetrader.com*

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006 (hereinafter, the "Agreement"), to execute a request from the Republic of Poland ("Poland").  The proposed Order would require Domains By Proxy, LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Scottsdale, Arizona, to disclose certain records and other information pertaining to the PROVIDER account associated with bewisetrader.com, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this

application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.        PROVIDER is a provider of an electronic communication service, as defined in

18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require

PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C.

§ 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.        Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed

Order.  *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute

the request).  In addition, this Court has jurisdiction to issue the proposed Order because it is "a

court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).

Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.]

section 3512."  18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue

"a warrant or order for contents of stored wire or electronic communications or for records

related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for

execution of a request from a foreign authority under this section may be filed . . . in the District

of Columbia").

3.        Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the
> Department of Justice, of an attorney for the Government, a Federal
> judge may issue such orders as may be necessary to execute a
> request from a foreign authority for assistance in the investigation
> or prosecution of criminal offenses, or in proceedings related to the
> prosecution of criminal offenses, including proceedings regarding
> forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Poland's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.      Authorities in Poland are investigating unknown suspects for fraud offenses, which occurred from 2014 through 2015, in violation of the criminal law of Poland, specifically, Articles 286 and 294 of the Polish Penal Code.  A copy of the applicable laws is appended to this application.  The United States, through the Office of International Affairs, received a request from Poland to provide the requested records to assist in the criminal investigation and/or

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

prosecution.   Under the Agreement, the United States is obligated to render assistance in response to the request.

6.        According to authorities in Poland, they are investigating a fraudulent pyramid scheme ran by BeWise Trader from 2014 to 2015.  BeWise Trader claimed to offer "High Yield Investment Programs" to their investors, who purchased individual investment packages valued between USD 310 and USD 1,350.  Investors who opened online accounts were able to monitor their investments on BeWise Trader's website, bewisetrader.com.  By the end of 2015, BeWise Trader's website stopped functioning and investors were no longer able to withdraw their money.

7.        Polish authorities consider BeWise Trader to be a Ponzi fraud scheme based on the following information learned during the course of the investigation:  (1) BeWise Trader promised investment returns of up to twenty-five percent per month based on the number of investments packages an investor purchased; (2) an investor's individual returns were directly impacted by the number of new recruits introduced to the program who purchased investment packages because the investment packages generated BeWise Trader's revenues; (3) BeWise Trader was not registered as a financial services agency in Poland as required by law; and (4) BeWise Trader represented itself as being a registered company in the United Kingdom, which is false.

8.        BeWise Trader paid a commission to investors for each person they recruited, which was derived from the newly recruited investors' purchase of the investment packages. Victim 1 and Victim 2 reported to Polish authorities recruiting additional investors and receiving commissions.  Victim 1 received a commission of USD 250 for recruiting two people who purchased investment packages worth USD 6,550 and USD 7,850.  Victim 2 received an unspecified commission for recruiting two investors who purchased investment packages worth

4

USD 13,000 and USD 7,850.

9.      Through their online accounts on bewisetrader.com, investors were able to log in to view and manage their investment accounts, including tracking the progress of their investments, purchasing new investment packages, and withdrawing earnings after a period of time.  According to witness testimony, some investors were initially able to successfully transfer portions of their earnings from their online investment accounts to their personal bank accounts. However, beginning in the fall of 2015, witnesses reported difficulty making withdrawals, and the website stopped functioning by the end of 2015, at which point investors were unable to withdraw the remaining earnings from their accounts.

10.      Victim 1 reported that once the website ceased functioning in 2015, he was unable to recover the total PLN 54,055 (USD 14,266) of investments plus accumulated earnings that remained in his account.  Victim 2 reported that she successfully withdrew PLN 20,000 (USD 5,278) of her earnings early on during her participation in the investment program, however, when the website shut down she was unable to recover the remaining PLN 180,000 (USD 47,520) from her account.  According to Polish investigators, several dozen victims were similarly unable to recover account balances from BeWise Trader, averaging between PLN 3,000 and 4,000 (USD 792 and 1,056), resulting in a total loss of PLN 234,055 (USD 61,788) in damages.

11.      In order to further the investigation, and to help identify suspects associated with BeWise Trader, authorities in Poland seek subscriber information relating to the website bewisetrader.com, which is serviced by PROVIDER.

## REQUEST FOR ORDER

12.      The facts set forth above show that there are reasonable grounds to believe that

the records and other information described in Part II of Attachment A are relevant and material

to an ongoing criminal investigation.  Specifically, these items will help authorities in Poland

identify and locate the individual(s) who are responsible for the criminal activity under

investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the

United States requests that PROVIDER be directed to produce all items described in Part II of

Attachment A to the proposed Order within ten days of receipt of the Order.

<div style="margin-left:40%;">

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Tracy M. Johnson
Trial Attorney
WI Bar Number 1023069
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C.  20530
(202) 616-1487 telephone
(202) 514-0080 facsimile
Tracy.Johnson2@usdoj.gov

</div>

## Relevant Provisions of the Polish Penal Code

Article 286

1. Any person who, in order to gain financial benefit, commits fraud causing another person to disadvantageously administer his/her property or third party property, by misleading such person, or taking advantage of his/her mistake, or inability to properly understand the action undertaken, will be liable to imprisonment of 6 months to 8 years.

Article 294

1. Any person who commits the crime referred to in article 278 paragraphs 1 or 2, article 284 paragraphs 1 or 2, article 285 paragraph 1, article 286 paragraph 1, article 287 paragraph 1, article 288 paragraph 1 or 3, or in article 291 paragraph 1 against property of significant value will be liable to imprisonment of 1 year to 10 years.